UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| MICHAEL RHYMES, | Case No. 3:17-cv-00679-MMD-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| JOHN KEAST, *et al.*, | |
| Defendants. | |

Plaintiff Michael Rhymes, a *pro se* inmate in the custody of the Nevada Department of Corrections, filed a first amended civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 7 ("FAC").) The Court previously ordered that Counts I and III of the FAC, alleging deliberate indifference in violation of the Eigth Amendment, proceed against Defendants Romeo Aranas, Gaylene Fukagawa, John Keast, Melissa Mitchell, Candis Rumbar, and Theresa Wickman. (ECF No. 49.) Before the Court is Rhymes's motion for appointment of counsel. (ECF No. 64 ("Motion").) Because the Court finds exceptional circumstances exists—as further discussed below—the Court will grant the Motion.

Generally, a litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the Court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his [or her] claims *pro se* in light of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

In his Motion, Rhymes argues that the appointment of counsel is appropriate because he will be unable to proceed on his own "due to cataract-opacity of the lens or capsule of the eye, causing total or partial blindness." (ECF No. 64 at 5.) Rhymes states he was diagnosed with glaucoma in February 2015, and that he continues to suffer from glaucoma and retinitis pigmentosa. (*Id.* at 4.) As a result, Rhymes will be required to have surgery. (*Id.*) Moreover, Rhymes further states he was informed by a specialist in April 2017, that he "had incurred cornea damage and substantial vision lost in his left eye." (*Id.*) Rhymes had also explained the effect his vision challenges will have on his ability to prosecute his claims at the calendar call, resulting in the Court granting his request for continuance of trial for him to obtain counsel. In light of the circumstances imparing Rhymes's vision, therefore significantly preventing him from articulating and prosecuting his claims at trial, the Court finds exceptional circumstances exist in this instance to warrant the appointment of counsel to represent Rhymes at trial. Accordingly, the Court will refer this case to the Pro Bono Program for counsel to be appointed for purposes of trial.

It is therefore ordered that Plaintiff Michael Rhymes's motion for appointment of counsel (ECF No. 64) is granted.

It is further ordered that this case is referred to the Pro Bono Program adopted in Amended General Order 2019-07 for the purpose of identifying counsel willing to be appointed as pro bono counsel for Rhymes. The scope of appointment will be for the limited purposes of representing Rhymes at trial. By referring this case to the Program, the Court is not expressing an opinion as to the merits of the case. Accordingly, this case is referred to the Pro Bono Program for appointment of counsel for the purposes as stated herein.

It is further order that the Clerk of Court forward this order to the Pro Bono Liaison.

DATED THIS 20th Day of December 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE